931 F.2d 61
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Appellee,
v.
Heberto PROVENCIO-DURAZO, Appellant.
 No. 89-10266.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 3, 1991.*
Decided April 26, 1991.
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Provencio-Durazo appeals his conviction on charges of conspiracy and possession with intent to distribute more than 100 kilograms of marijuana, arguing that the district court erred by denying his motion to suppress the 745 pounds of marijuana seized in the warrantless search of his codefendant's house. We disagree and affirm.
 
 
 3
 In order for a defendant to challenge the lawfulness of a search and seizure, he must first establish his standing to do so by showing that he had a "legitimate expectation of privacy" in a particular place and that this expectation was violated by the search and seizure. Rakas v. Illinois, 439 U.S. 128, 143 & n. 12 (1978). Although the so-called "joint venture" exception to the Rakas rule would allow one exercising joint control and supervision over a place searched to claim standing to challenge the search of another's premises, see United States v. Broadhurst, 805 F.2d 849, 852 (CA9 1986), the evidence adduced at his suppression hearing reveals nothing more than Provencio-Durazo's "mere membership in a criminal venture". See United States v. Lockett, 919 F.2d 585, 588 (CA9 1990). Such is insufficient to demonstrate standing to challenge a warrantless search. See id.
 
 
 4
 The district court denied the motion to suppress on the merits, finding as a result that it did not need to address the question of standing. Although we have previously held that the denial of a motion to suppress cannot be upheld where the district court failed to resolve essential factual disputes, see United States v. Prieto-Villa, 910 F.2d 601, 609-10 (CA9 1990), our examination of the record, including the evidence adduced at the suppression hearing, shows that Provencio-Durazo clearly lacked standing to challenge the search and seizure. Accordingly, we affirm on that basis. See United States v. Burnette, 698 F.2d 1038, 1048 (CA9) (appellate court may affirm on any basis finding adequate support in the record), cert. denied, 461 U.S. 936 (1983).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is suitable for submissionwithout oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication andmay not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3